# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

DEBRA L. VAUGHAN,       )
                                    )
           Plaintiff,       )
                                    )
v.                                 )       Case No. CIV-06-007-SPS
                                    )
MICHAEL J. ASTRUE,       )
Commissioner of the Social       )
Security Administration,       )
                                    )
           Defendant.       )

## OPINION AND ORDER

The claimant Debra Vaughan requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity (RFC) to perform her past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account her age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 3, 1962, and was 42 years old at the time of the administrative hearing. She has a high school education plus some college course work and previously worked as a supervisor/manager of a greeting card company. The claimant alleges she has been unable to work since July 11, 2003, because of focal segmental glomerulosclerosis, a kidney disease which caused her anemia, severe fatigue, and muscle pain; arthritis resulting in joint pain; bulging/herniated discs in her lumbar spine; sleep problems; headaches; low immunity resulting in many illnesses; medication side effects; and depression.

## Procedural History

On August 28, 2003, the claimant protectively filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq*.) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). Both applications were denied. After a hearing on February 7, 2005, ALJ Richard Say found the claimant was not disabled in a decision dated June 20, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, lifting and/or carrying of 20 pounds occasionally and ten pounds frequently and sitting, standing and/or walking for six hours in an eight-hour workday. The ALJ concluded that the claimant could return to her past relevant work as a supervisor/manager of a greeting card company (Tr. 19).

**Review**

The claimant contends that the ALJ erred: (i) by ignoring probative medical evidence; and, (ii) by making an RFC determination that was not supported by substantial evidence. As part of her first contention, the claimant argues that the ALJ ignored evidence related to her persistent fatigue. The Court finds this argument persuasive.

The record reveals the claimant was diagnosed with chronic glomerulonephritis (kidney disease) in August 1999 (Tr. 97, 100). She first indicated she was experiencing fatigue in April 2002 when she also complained of lower extremity edema (Tr. 146). In July 2003 the claimant's physician Dr. Charles Stinnett, M.D., noted the claimant's anemia and fatigue were probably secondary to her chronic renal problem (Tr. 109). When the claimant returned to Dr. Stinnett in September 2003, she complained of headaches, achiness, and tiredness, but her anemia had improved (Tr. 108). Dr. Stinnett referred the claimant to Dr. John Furlow, M.D., who examined the claimant for the first time in September 2003. She reported that fatigue was her major problem. Dr. Furlow assessed the claimant with focal

segmental sclerosis and believed the claimant's fatigue was related to her kidney disease (Tr. 144-45). The claimant returned to Dr. Furlow in October 2003, still complaining of significant fatigue symptoms. He prescribed her Ambien to help her rest better (Tr.142-43). In February 2004, the claimant continued to suffer from fatigue. Dr. Furlow indicated that he believed her kidney disease was contributing to her extreme worsening fatigue symptoms. He assessed the claimant with focal segmental sclerosis with significant fatigue (Tr. 138). Her blood work showed that she was anemic (Tr. 141). When the claimant returned in April 2004, she continued to have persistent fatigue, but her blood work revealed normal hemoglobin levels (Tr. 134-35). In June 2004 the claimant reported continued fatigue and worsening weakness symptoms. Dr. Furlow continued to relate the claimant's fatigue symptoms to her chronic renal insufficiency, noting there was no other good explanation (Tr. 131-32). Her blood work showed anemia (Tr. 152), but by August 2004 it was normal (Tr. 151). The claimant returned to Dr. Stinnett in November 2004, noting that she generally did not feel well. She continued to complain of being tired (Tr. 155). The claimant returned to Dr. Furlow in February 2005 for follow up on her fatigue symptoms and with complaints of dyspnea and chest discomfort. He recommended an EKG for the claimant (Tr. 164). The claimant's blood work revealed normal hemoglobin levels (Tr. 165).

The claimant testified at the administrative hearing that she had to stop working because of her chronic fatigue and her pain (Tr. 234). She indicated that her fatigue was her worst problem because she felt exhausted all the time. She was taking medication to help with sleep, and she was anemic due to the blood loss from her kidney disease (Tr. 236-37).

The ALJ summarized the medical records with respect to the claimant's kidney disease, but he only made three references to her complaints of fatigue. Although the claimant began complaining of fatigue in April 2002, the ALJ observed that symptoms of fatigue first surfaced on September 10, 2003. The ALJ also noted complaints of fatigue in February 2004 and June 2004 (Tr. 16), but he failed to mention the claimant's many other complaints of fatigue to Dr. Furlow and Dr. Stinnett. He also failed to mention the physicians' indications that the claimant's chronic fatigue was a result of her kidney disease. It was error for the ALJ to pick and choose from the treatment records and to not fully discuss the frequency of the claimant's complaints of fatigue to her physicians. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Further, although the ALJ indicated in the credibility determination at step four that he took into account the claimant's subjective complaints of disabling pain and fatigue (Tr.

17), a review of his analysis suggests he simply ignored the subjective complaints of fatigue. The ALJ considered the claimant's allegations of back pain, kidney problems, depression, grogginess from her medications, and problems with bleeding easily, but he concluded that "the degree of pain and fatigue alleged to be disabling [could not] be found as fact by the undersigned." (Tr. 17-18). This analysis was deficient for two reasons. First, the ALJ should not have ignored the claimant's complaints of fatigue; both Dr. Stinnett and Dr. Furlow attributed her fatigue to her kidney condition, and she testified it was her worst problem. *See Newton v. Apfel*, 209 F.3d 448, 459 (remanding where the ALJ ignored the claimant's allegations of severe fatigue, weakness, and swelling, which her condition could reasonably be expected to produce), *cited by Clark v. Barnhart*, 64 Fed. Appx. 688, 692 (10th Cir. 2003). This evidence of fatigue was significant because the vocational expert testified that fatigue would affect whether the claimant could complete an eight-hour workday five days per week and it would prevent the accomplishment of tasks in a timely manner without an unreasonable number and length of rest periods (Tr. 261-62).

Second, the ALJ's analysis of the claimant's credibility did not meet the requirements of *Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995). Under *Kepler*, the ALJ was required to make express findings linking his credibility determination to the evidence in the record when rejecting the claimant's complaints of fatigue. *Id.* at 391 ("[C]redibility [findings] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."), *quoting Huston v. Bowen*, 838 F. 2d 1125, 1133 (10th Cir. 1988). Here, as in *Kepler*, "the link between the evidence and credibility determination [was]

missing; all we have is the ALJ's conclusion" that the claimant's subjective complaints of fatigue were not credible.  *Id.*

Because the ALJ failed to properly analyze the claimant's complaints of fatigue, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any amendment to the claimant's RFC, the ALJ should re-determine whether the claimant is disabled.

## Conclusion

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 23rd day of March, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**